GOVERNMENT EXHIBIT 1

EXHIBIT F

Law Offices of Frank J. D'Amico, Jr., APLC's Fee Agreement & Authority to Represent (Contingency Fee) This Agreement does not constitute an attorney/client relationship until it is signed by both Client and Attorney

## FEE AGREEMENT & AUTHORITY to REPRESENT (Contingency Fee)
*This is a Four Page Agreement (including Addendum as referred to in Section 2)*
(In accordance with amended Rule 1.5(c) of the Louisiana Rules of Professional Conduct, effective date April 1, 2004)

I, _____, the undersigned client (hereinafter referred to as "I," "me" or the "Client"), do hereby retain and employ the LAW OFFICES OF FRANK J. D'AMICO, Jr., A Professional Law Corporation (hereinafter referred to as "Attorney"), as my Attorney to represent me, render legal advice and services and to prosecute all claims, including claims for personal damages, liability insurance, medical payments, property damage, and other insurance coverage or claims arising out of said action for me for all injuries and damages sustained by me or which maybe legally recovered on account of the occurrence which occurred on or about _____ and is entitled _____ and in particular any and all damage, insurance, uninsured and underinsured claims on behalf of myself. Client also gives consent to be included in any Class Action lawsuits applicable to any causes of action client may have in the above matter.

Attorney herein refers to Professional Corporation and to counsel selected and designated by the Corporation. I hereby release attorney from any and all liability if the information given regarding the incident in question is inaccurate or untruthful.

This claim may or may not be in litigation at the execution of this contract; however, I specifically authorize Attorney to undertake negotiations and/or file suit or institute legal proceedings on my behalf. As used herein, the term "suit" includes, where applicable, the institution of proceedings to impanel a medical review panel. I further authorize Attorney to retain and employ, at my expense, the services of any experts, including physicians and doctors, as well as the services of other outside contractors, as Attorney deems necessary or expedient in representing my interests. I also authorize Attorney to retain and employ other attorneys with my prior knowledge and written consent (as stated and authorized in Section 13 hereinbelow); however, the combined fee of Attorney and all other attorneys shall be limited as set forth hereinbelow.

1. **ATTORNEY'S FEES.** As compensation for legal services, I agree to pay my Attorney as follows:

Contingency Fee. Attorney shall receive the following percentage of the amount recovered before the deduction of costs and expenses as set forth in Section 2 herein:

35% ~~33.3~~ % if settled without suit;
35% ~~37.5~~ % in the event suit if filed;
35% ~~40~~ % in the event a trial actually starts;
35% ~~45~~ % in the event any party files an appeal.

*unless a prior Attorney has a contingency fee agreement with a higher percentage*

It is understood and agreed that this employment is upon a contingency fee basis and, if no recovery is made, I will not be indebted to my Attorney for any sum whatsoever as Attorney's Fees. (However, I agree to pay all costs and expenses set forth in Section 2 herein, regardless of whether there is any recovery in this matter. In the event of recovery, costs and expenses shall be paid out of my share of the recovery.)

It is further understood that the Attorney may take a fee, as outlined above, on any recovery obtained, including but not limited to, liability uninsured/underinsured (UM), medical payments (med-pay), property damage which may include loss of use and depreciation.

When used above "the recovery" means the gross amount collected, including interest, before making any deductions for costs and expenses as set forth in Section 2.

2. **COSTS AND EXPENSES.** In addition to paying Attorney's Fees, I agree to pay all costs and expenses in connection with Attorney's handling of this matter. Costs and expenses shall be billed to me as they are incurred, and I hereby agree to promptly reimburse Attorney within thirty (30) days of being billed for same. If Attorney is holding an advance deposit, I agree to promptly reimburse Attorney for any amount in excess of what is being held in

St. Tammany Parish 2138
Instrmt #: 1765933
Registry #: 1982885 sam
04/28/2010 4:17:00 PM
MB X CB MI UCC

CLIENT(S) INITIALS: _____ ATTORNEY'S INITIALS: _____ 1

Ex. 1

*Law Offices of Frank J. D'Amico, Jr., APLC's Fee Agreement & Authority to Represent (Contingency Fee)*
*This Agreement does not constitute an attorney/client relationship until it is signed by both Client and Attorney*

advance. These costs may include (but are not limited to) the following: long distance telephone charges, photocopying (in house $.15 per page), outside photocopying services, postage, facsimile costs, Federal Express/UPS or other courier service/delivery charges, computer legal research, deposition fees, expert fees, subpoena costs, court costs, sheriff's and service fees, travel expenses, mileage and investigation fees. Advance required: ____ Yes __X__ No

Further, Client understands and agrees and authorizes Attorney to borrow said costs and expenses (as set forth above) from a financial institution not to exceed ten percentage points (10%) above the bank prime Loan rate of interest as reported by the Federal Reserve Board on January 15th of each year in which the loan is outstanding, on behalf of Client, in which event Client shall also be responsible to reimburse Attorney for all interest charges related thereto *(made a part hereof is the Addendum referenced "Agreement and Disclosure Regarding Reimbursement of Interest and Repayment of Principal")*. Attorney is further authorized to make direct reimbursement thereof from any settlement or recovery from the Client's portion of settlement or judgment proceeds after fee charges (all being in accordance with amended Rule 1.8 (iv) of the Louisiana Rules of Professional Conduct).

3. **NO GUARANTEE/HOURLY RATE.** I acknowledge that Attorney has made no promise or guarantee regarding the outcome of my legal matter. In fact, Attorney has advised me that litigation in general is risky, can take a long time, can be very costly and can be very frustrating. I further acknowledge that Attorney shall have the right to cancel this agreement and withdraw from this matter if, but be entitled to receive full compensation for services rendered and costs expended, if in Attorney's professional opinion, the matter does not have merit, I furnish Attorney with false information, I misrepresent any facts at issue and/or furnish Attorney with false information, I do not have a reasonably good possibility of recovery, I refuse to follow the recommendations of Attorney, I fail to abide by the terms of this agreement, and/or if Attorney's continued representation would result in a violation of the Rules of Professional Conduct, or at any other time as or if permitted under the Rules of Professional Conduct. I further knowledge and agree to fully cooperate with Attorney in all matters in connection with claims or suits on my behalf. In the event that I fail do to so, or if I retain other counsel, or if I withdraw from representation, I shall pay Attorney for the services rendered and those of any other attorney. I acknowledge and agree to an hourly rate of $200.00 per hour and shall additionally reimburse Attorney for costs and expenses as already described herein.

4. **STATUTORY ATTORNEY'S FEES.** In the event of recovery under the provisions of the Longshore and Harbor Workers' Compensation Act, or under Louisiana Workman's Compensation laws, or under any other laws, which specify attorney's fees to be paid, then Attorney's fees shall be paid in accordance with the maximum allowed by law.

5. **PRIVILEGE.** I agree and understand that this contract is intended to and does hereby assign, transfer, set over and deliver unto Attorney as his fee for representation of me in this matter an interest in the claim(s), the proceeds or any recovery therefrom under the terms and conditions aforesaid, in accordance with the provisions of Louisiana Revised Statute § 37:218, and that Attorney shall have the privilege afforded by Louisiana Revised Statute § 9:5001.

6. **PARTIAL RECOVERY.** I agree and understand that in the event there is a partial recovery in this matter, the attorney fee (as set forth in Section 1) on this portion will be paid and all outstanding case costs and expenses (as set for in Section 2) will be paid back to the Attorney. Additionally, all outstanding bills will be paid - I understand that I may not get any money from a partial recovery. For example if you have a primary liability claim *and* an Uninsured Motorist/Under Insured Motorist (UM) claim and a recovery is reached with the primary defendant/liability carrier this would be considered a partial settlement and therefore would be subject to the terms as outlined in this paragraph. The attorney fee from this partial recovery would be paid along with all outstanding case costs — in some instances these costs may exceed the primary liability claim's policy limits in which case you may not receive any monies from this portion of the settlement and the

CLIENT(S') INITIALS: _____  ATTORNEY'S INITIALS: _____  2

additional costs that exceed the primary claim's settlement would be carried over to the final recovery.

7. **COLLECTION PROCEEDINGS.** In the event Client does not pay the costs and expenses and fees owed to the Attorney within the agreed thirty (30) days of being billed for same, the Attorney reserves the right to pursue collection proceedings against the Client and the Client will then be responsible for any and all Attorney's fees and costs associated with the collection proceedings.

8. **ADDITIONAL TERMS.** Attorney and Client agree to the following additional terms:

_____
_____
_____

9. **LOUISIANA LAW.** This contract shall be governed by Louisiana law.

10. **TERMINATION OF REPRESENTATION.** I understand that I have the right to terminate the representation upon written notice to that effect. I understand that I will be responsible for any fees or costs incurred prior to the discharge or termination.

11. **RECOVERY/PROCEEDS/DISBURSEMENT.** Attorney is authorized to demand recovery/payment, receive recovery/payment and to disburse the recovery/proceeds in accordance with this agreement once the Client has given final approval.

12. **ENTIRE AGREEMENT.** I have read this agreement in its entirety, a copy of which I have received, and I agree to and understand the terms and conditions set forth herein. I acknowledge that there are no other terms or oral agreements existing between Attorney and Client. This agreement may not be amended or modified in any way without the prior written consent of Attorney and Client.

This agreement is executed by me, the undersigned Client, on this _____ day of ___November___, 200__.

CLIENT: _____
CLIENT: _____

The foregoing agreement is hereby accepted on this _9th_ day of _November_, 2006.

ATTORNEY: _____

13. If Applicable: **AUTHORIZATION AND ACKNOWLEDGEMENT TO RETAIN AND EMPLOY ADDITIONAL OUTSIDE COUNSEL**

I, the client, have discussed with _____ and I hereby agree to the association of both the Law Offices of Frank J. D'Amico Jr. and _____ to represent me and my case as set forth above. I understand this agreement applies to the associated attorney to the same degree and in the same way as it applies to Frank J. D'Amico Jr., APLC. Additionally, I understand that associated counsel is responsible for the following parts of my case: _____
_____
_____. Further, the associated attorney agrees to the terms and conditions of this agreement. I understand that the total fee I will pay to Frank J. D'Amico Jr., APLC and to _____ is described in Section 1 of this agreement.

I, the Client, execute this authorization and acknowledgement to retain and employ additional outside counsel on this ____ day of _____ 200__.

CLIENT: _____   CLIENT: _____

CLIENT(S') INITIALS: _____  _____     ATTORNEY'S INITIALS: _____

3

US 00020

REVISED ON 10/23/06



THE LAW OFFICES OF
*Frank J. D'Amico, Jr.*
A Professional Law Corporation

Frank L. D'Amico, Jr.
Christopher T. Castro
William J. Salvaggio
Ruben N. Papich
Richard M. Exnicios
Mekel Smith Alvarez

622 Baronne Street • New Orleans, LA 70113
(504) 525-7272 • Fax (504) 525-9522

3035 Bluebonnet Blvd, Suite 93 • Baton Rouge, LA 70810
(225) 928-7273 • (866) 70-FRANK

## AGREEMENT & DISCLOSURE REGARDING REIMBURSEMENT OF INTEREST AND REPAYMENT OF PRINCIPAL AND RIGHT OF INTERVENTION

I/WE ___William Barnett___, (hereinafter referred to as "Client"), a person of legal age and/or capacity, do hereby declare that I am a client of and represented by The Law Firm of Frank J. D'Amico, Jr., PLC (hereinafter referred to as "Attorney"), and understand, acknowledge and agree to the following:

1. CLIENT understands that in the course of ATTORNEY's representation of CLIENT, ATTORNEY may incur reasonable and necessary expenses including but not limited to litigation expenses, medical expenses, expert fees, court costs, deposition fees etc., for and/on behalf of CLIENT;

2. CLIENT understands that in the course of ATTORNEY's representation of CLIENT, ATTORNEY may activate the firm's line of credit through Advocate Financial, LLC for the sole purpose of financing CLIENT's case expenses as listed in number 1;

3. CLIENT understands that upon the activation of the firm's line of credit, current interest charges at the rate of 16%[1] will begin to accrue as the funds are drawn from the firm's line of credit. CLIENT further acknowledges that this loan will be re-assessed *(as reported by the Federal Reserve Board on January 15th of each year in which the loan is outstanding)* on an annual basis pursuant to Rule 1.8 (iv) of the Rules of Professional Conduct. In no event will the rate exceed the maximum allowable by *law (Rule 1.8(iv); ... interest rate is not to exceed ten percentage points above the bank prime loan rate of interest...)*;

4. CLIENT FURTHER UNDERSTANDS, ACKNOWLEDGES AND AGREES that all case related costs as well as all interest charges incurred by ATTORNEY for/and on behalf of CLIENT shall be reimbursed out of any judgment and/or settlement proceeds;

5. CLIENT FURTHER UNDERSTANDS, ACKNOWLEDGES AND AGREES that all case related expenses advanced on CLIENTS' behalf as set out in number 2 above, including any accrued interest is the responsibility of the CLIENT irrespective of any recovery and/or judgment and/or award; and

6. Should CLIENT terminate representation, ATTORNEY has the right to intervene in said lawsuit to recover any and all costs and accrued interest advanced on CLIENT (S)' behalf.

I, the undersigned Client, execute the foregoing Agreement and Disclosure on this ___ day of ___November___, 2006.

_____       _____
WITNESS                                           CLIENT

Frank J. D'Amico, Jr., APLC
BY:_____       _____
                                                          CLIENT

[1] Effective 4/1/06

*ADDENDUM TO THE FEE AGREEMENT & AUTHORITY TO REPRESENT*
*In accordance with amended Rule 1.8 (iv) of the Louisiana Rules of Professional Conduct, effective date April 1, 2006,*
*A lawyer providing a guarantee or security on a loan made in favor of a client may do so only to the extent that the interest charges, including any fees or other charges attendant to such a loan, do not exceed ten percentage points (10%) above the bank prime rate of interest as reported by the Federal Reserve Board on January 15th of each year in which the loan is outstanding. Interest together with other charges attendant to such loans which exceeds this maximum may not be the subject of the lawyer's guarantee or security."*

Page 4

US 00021